Curia, per

Butler, J.
On a former occasion it was decided by this Court, that defendant’s plea was an entire bar to plaintiff’s action. Judge Earle, who delivered the opinion of the Court, makes this remark: “ But whatever may be the effect of the record, when exhibited to the Court, in support of the plea, it is considered here, that there is enough on the face of the plea itself, to constitute a good bar, if it be verified by the record.” We think that by the terms of the plea, which were admitted by the demurrer, the plaintiff was precluded from giving evidence to contradict it. He must be bound by his admission on the record; and the defendant’s plea being admitted by demurrer, he was not bound to verify it by evidence. We will not say that plaintiff might not have obtained leave from the Court of Appeals, before its judgment was finally *191 delivered, to withdraw his demurrer, with leave to reply to defendant’s plea. He made no such motion to the Court, *when it had the case under consideration, and the Circuit Judge was bound to make the decision, from which the plaintiff has appealed on this occasion. Where a general demurrer is overruled, the adverse party has a right to enter up judgment on the matter in controversy, unless the demurring party obtains special leave to plead over at the time the demurrer is overruled. Motion dismissed.
See 7 Rich. 432. 5 Stob. 157. 1 N. & McC. 88, 108. 2 McM. 292, and cases in note there. Smith vs. Singleton, Charleston, February, 1852.
Thomson and Eaves, for the motion. B. G. Mills, contra.
The whole Court concurred.